UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
At PIKEVILLE

Civil Action No. 20-134-HRW

MICHAEL PRESLEY,                                                            PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

                       **I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on in September 2018, alleging disability beginning in April 2018, due to right shoulder, arm, wrist, and hand pain; back problems; hearing problems; and arthritis. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Therese Hardiman (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Nadine Hanzes, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 44 years old at the time he alleges he became disabled. He has completed one year of college. His past relevant work experience consists of work as an electrician.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative joint disease in both shoulders with past right shoulder surgery, right wrist bone spurs with past surgery, and hearing loss, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a range of light work

2

as defined in 20 C.F.R. § 404.1567(b) (lifting and carrying 10 pounds frequently and 20 pounds occasionally) but that he could not push or pull with his right arm; could not reach overhead with his right arm; could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, balance, stoop, knee, crouch, and crawl; and should avoid noise, vibration, and hazards such as heights.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.  Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not find his back pain to be "severe" at Step 2; (2) the ALJ did not adequately consider his left arm and right wrist problems; and (3) the hypothetical posed to the VE was flawed and as such cannot be considered to be substantial evidence that supports the ALJ's decision.

### C.  Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not find his back pain to be "severe" at Step 2.

Based upon the record, this Court finds that the ALJ's determination was based upon substantial evidence. The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). If there is at least one medically determinable, severe impairment, the claim survives and the ALJ must consider all medically determinable impairments, severe and non-severe, in the remaining steps of the analysis. 20 C.F.R. § 404.1545(a)(1). As Defendant points out, "the failure to find a

*particular* medically determinable impairment severe at step two is usually not reversible error". *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)(emphasis added). Error may be found if the impairments at issue resulted in functional limitation beyond those assessed by the ALJ.

Plaintiff seeks reversal on the basis that the ALJ found that there were no records of imaging, such as MRIs, x-rays, or CT scans, in the record documenting his back problems. Although, contrary to the ALJ's statement, there are references to such imaging in the record, the issue when alleging error at Step 2 is whether the impairment deemed not severe resulted in functional limitation beyond those assessed by the ALJ. In other words, because the ALJ proceeded beyond Step 2, the ultimate question is whether the RFC accurately reflects Plaintiff's impairments, severe and otherwise. In this case, this ALJ specifically discussed Plaintiff's back problems. Moreover, it is clear from the RFC of light work with significant postural restrictions that the ALJ accounted for Plaintiff's back pain. The Court finds no reversible error in this regard. To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. *See Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)( If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision).

Plaintiff's second claim of error is that the ALJ did not adequately consider his left arm and right wrist problems. Specifically, Plaintiff maintains that the ALJ improperly disregarded state agency physician Walter Goo, M.D.'s opinion that he should be limited to only frequent handling.

5

The regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) with 20 C.F.R. § 404.1520c(b) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017). The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in his or her decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how he or she considered the other remaining factors. 20 C.F.R. § 404.1520c(b)(3) (2017).

In this case, the ALJ discussed Dr. Goo's assessment, which for the most part, is consistent with other opinion evidence in the record. However, the ALJ noted that his opinion that Plaintiff be limited to only frequent handling was not supported or consistent with the record. For example, Plaintiff was able to make a full fist with his right hand and his right wrist and hand were intact from a neurovascular and sensation standpoint (Tr. 33; see Tr. 923). Given that consistency and supportability are the two most important factors in weighing opinion

6

evidence, the Court finds no error in this regard.

Further, as Defendant points out, the RFC includes restrictions pertaining to Plaintiff's wrist and hands and none of the three jobs that the ALJ ultimately found he could perform require more than frequent handling (or fingering) (Tr. 34). See Dictionary of Occupational Titles (DOT) # 239.567-010, 1991 WL 672232 (office helper); #211.462-010, 1991 WL 671840 (cashier); #369.687-018, 1991 WL 673072 (folder).

Finally, Plaintiff contends that the hypothetical posed to the VE did not adequately describe his limitations and, as such, the ALJ improperly relied upon the VE's testimony. The Court finds that hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective, credible medical evidence.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 30th day of July 2021.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

8